AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Northern District of Ohio |
|---|---|
| Name *(under which you were convicted)*: Eric Bartoli | Docket or Case No.: 5:03-cr-00387-JRA |
| Place of Confinement: FCI Loretto, PA | Prisoner No.: 61329060 |
| UNITED STATES OF AMERICA  V.  Eric Bartoli | Movant *(include name under which convicted)* |

FILED
AUG 13 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    Federal District Court; Akron, OH (Northern Distric of Ohio)

    (b) Criminal docket or case number (if you know): 5:03-cr-00387-JRA

2. (a) Date of the judgment of conviction (if you know): October 9, 2016

    (b) Date of sentencing: November 9, 2016

3. Length of sentence: 240 Months

4. Nature of crime (all counts):
   Count 1; Conspiracy, 18 USC §371
   Count 2; Securities Fraud, 15 USC §78(b),78ff(a) and CFR§240.106.5
   Count 3; Sale of unregistered Securities, 15 USC §77e(a) and 77x
   Count 4; Wire Fraud, 18 USC §1343
   Count 5; Mail Fraud, 18 USC §1341
   Count 6-8; Attempted Income Tax Evasion, 20 USC §7201

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒ xx     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    N/A

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☒ xx

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒ xx

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes [XX] No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: 6th Circuit Court of Appeals
   (b) Docket or case number (if you know): No. 16-4748
   (c) Result: Lower court judgement affirmed
   (d) Date of result (if you know): March 16, 2018
   (e) Citation to the case (if you know): Not Known
   (f) Grounds raised:

   I) The government breached the Plea Agreement.
   II) The sentence imposed was procedurally unreasonable.
   III) The sentence imposed was substantively unreasonable.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [XX] No [ ]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): 18-8162
   (2) Result: Certiorari denied

   (3) Date of result (if you know): April 1, 2019
   (4) Citation to the case (if you know): Not Known
   (5) Grounds raised:

   I) Illegal extradition and treaty violations
   2) 6th Amendment violation of the right to Speedy Trial
   3) Illegal sentence / Ex Post Facto violations
   4) Ineffective Assistance of Counsel

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [XX] No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: 6th Circuit of Appeals
        (2) Docket or case number (if you know): No. 16-4748
        (3) Date of filing (if you know): May 1, 2018

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: Petition For Rehearing And Rehearing En Banc
(5) Grounds raised:
1) The panel errored in holding the defendant failed to demostrate prejudice from the government's breach of the plea agreement.
2) The panel errored in holding the untimely disclosure of the victim impact letter was not procedurally unreasonable.

*Note: The Movant presented a 28-J letter on April 27, 2018

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒
(7) Result: Denied
(8) Date of result (if you know): May 21, 2018

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: 6th Circuit Court of Appeals
(2) Docket of case number (if you know): No. 16-4748
(3) Date of filing (if you know): November 26, 2018
(4) Nature of the proceeding: Motion to Recall the Mandate
(5) Grounds raised:
I) Ineffective Assistance of Counsel
II) Illegal Sentence

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐   No ☒
(7) Result: Denied without opinion
(8) Date of result (if you know): December 12, 2018

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:    Yes ☐    No ☒
(2) Second petition:   Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
I chose to Petition the Supreme Court for a writ of certiorari

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Movant claims ineffective assistance of counsel at both District and Appellate level regarding the application of three Ex Post Facto statutes.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I) District counsel failed to object to the use of an Ex Post Facto in count 2 of the Movant's Indictment and Petition for Extradition.
II) District counsel failed to object to the use of Ex Post Facto statutes in counts 2,4,and 5 of his Arraignment and Change of Plea hearings.
III) District counsel was grossly ineffective when he failed to object to Judge Adams using three Ex Post Facto statutes to give the Movant a government admitted illegal sentence.
IV) District counsel was grossly ineffective when he had the Movant sign a Plea Agreement containing Ex Post Facto violations regarding counts 2,4,and 5.
V) Appellate counsel was ineffective by failing to raise the same four above mentioned objections in a timely fashion, the difference being they admitted their ineffectiveness to the Appeals Court.
VI) District counsel was negligent when he ignored the application of the 2002 guidelines even though the Indictment, PSR, and Plea Agreement called for 1998 guidelines.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
Appellate counsel told the Movant they had "better issues." By the time they discovered the Movant was right, it was too late.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☒   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: 28 J Letter

Name and location of the court where the motion or petition was filed:

6th Circuit Court of Appeals

Docket or case number (if you know): 

Date of the court's decision: May 21, 2018

Result (attach a copy of the court's opinion or order, if available):

Denied without opinion

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

AO 243 (Rev. 09/17)

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes [xx]    No [ ]

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes [xx]    No [ ]

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Supreme Court

    Docket or case number (if you know): 18-8162

    Date of the court's decision: April 1, 2019

    Result (attach a copy of the court's opinion or order, if available):

    Certiorari denied

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    N/A

**GROUND TWO:** District counsel was ineffective when they failed to recognize and object to a violation of the Movant's Amendment Right to a "Speedy Trial."

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I) No one disputes the Movant's alleged crimes occurred from 1994 to 1999.
II) The Movant was indicted on October 15, 2003.
III) The Petition for Extradition was issued in 2010, Interpol was asked to find the Movant in 2012, and he was arrested in Perú in December 2013
IV) The time between the Indictment and Arraignment was twelve years.
V) The Movant returned to Peru in 2000, registered his home address with the FBI and US Embassy, and no one came looking for him.
VI) Since the US never notified the Movant of the Indictment, he could not insist on a "Speedy Trial." Also, the government never advised the court they were having trouble finding the Movant.
VII) The excessive delay prejudiced the Movant as witnesses died and evidence disappeared or became stale.

    (b) **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            Yes [ ]    No [xx]

(2) If you did not raise this issue in your direct appeal, explain why:

The Movant explained all of this to Appellate counsel and was told there were "better, stronger issues." Also Appellate counsel said IAC should not be raised in Direct Appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes [XX]   No [ ]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: 28 J Letter

Name and location of the court where the motion or petition was filed:

6th Circuit Court of Appeals

Docket or case number (if you know): No. 16-4748

Date of the court's decision: May 21, 2018

Result (attach a copy of the court's opinion or order, if available):

Denied without opinion

(3) Did you receive a hearing on your motion, petition, or application?
Yes [ ]   No [XX]

(4) Did you appeal from the denial of your motion, petition, or application?
Yes [ ]   No [XX]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes [ ]   No [XX]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I chose to Petition the Supreme Court for Writ of Certiorari.

AO 243 (Rev. 09/17)

**GROUND THREE:** District counsel was ineffective when he failed to object to the Movant's illegal extradition.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    I) District counsel failed to object to the fact the Movant's extradition violated the Law of Dual Criminality (Article 2 and Article 18(b) in "The Treaty Between the US and The Republic of Peru).

    II) District counsel failed to object to the fact the Movant's extradition violated the Rule of Speciality as spelled out in Article 13 §1(a)(j) of the Treaty.

    III) District counsel failed to object to a violation of Article 6, Section 3(c) in the Treaty with respect to what constitutes evidence.

    IV) District counsel filed to object to a violation of the Ex Post Facto Clause in Article 1, Section 9 of the US Constitution as it applies to the Movant's extradition.

    (b) **Direct Appeal of Ground Three:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

        (2) If you did not raise this issue in your direct appeal, explain why:

The Movant explained this to Appellate counsel, provided arguments and supporting documentation, and it was ignored.

    (c) **Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

        (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

        (3) Did you receive a hearing on your motion, petition, or application?

        N/A   Yes ☐    No ☐

        (4) Did you appeal from the denial of your motion, petition, or application?

        N/A   Yes ☐    No ☐

        (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        N/A   Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I chose to Petition the Supreme Court for a Writ of Certiorari.

**GROUND FOUR:** District counsel was ineffective with respect to violations that took place at the District level including:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
I) District counsel failed to object to Judge Adams last minute decision to impose a sentence well beyond the guidelines and almost triple the plea agreement.
II) District counsel never objected to the prosecution failing to recommend a sentence within the guidelines as required by the plea agreement.
III) District counsel never objected to the last minute inclusion of over 100 pages of victim impact letters.
IV) District counsel himself <u>never</u> recommended a sentence within the guidelines as required by the plea agreement.
V) District counsel failed to object to the fact that the victim impact letters were written by third parties and had relevant information redacted.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [XX]    No [ ]    left by Appeals Court 0-0 1AC claim

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]    No [XX]

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: __N/A__

Name and location of the court where the motion or petition was filed:

__N/A__

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I was told by both District and Appellate counsel the only place I could raise issues of Ineffective Assistance of Counsel was in a "2255".

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground 5 relates to two constitutional questions:

I) Was there prosecutorial misconduct regarding the application of charges against the Movant, and
II) Can Congress make a law containing Ex Post Facto Clause to be applied to the detriment of the Movant as it did in the Treaty used to extradite the Movant.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

   **N/A**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   Barry Ward

   (b) At the arraignment and plea:

   Barry Ward

   (c) At the trial:

   N/A

   (d) At sentencing:

   Barry Ward, John Sammon

   (e) On appeal:

   Hon. Nancy Gertner (ret.), William Fick, Daniel Marx

   (f) In any post-conviction proceeding:

   Same as (e) for the Petition For Rehearing and Rehearing En Banc

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   "Pro Se" for the Motion To Recall The Mandate and Supreme Court

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   **N/A**

   (b) Give the date the other sentence was imposed: N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐ I can't answer this question at this time.

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

<u>Dismissal of all charges with prejudice</u>
or any other relief to which movant may be entitled.

<u>Filed Pro Se and InForma Pauperis</u>
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___August 8, 2019___ .
(month, date, year)

Executed (signed) on _Erin Baird_  _8/8/19_  (date)

_Erin Baird_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13