Appeal,Limbert,Protect

**U.S. District Court**
**Northern District of Ohio (Akron)**
**CRIMINAL DOCKET FOR CASE #: 5:03-cr-00387-JRA All Defendants**

| | |
|---|---|
| Case title: United States of America v. Bartoli | Date Filed: 10/15/2003 |
| Magistrate judge case number: 5:03-mj-05095-JSG | Date Terminated: 12/20/2016 |

Assigned to: Judge John R. Adams

Appeals court case number: 16-4748 6th
Circuit

### Defendant (1)

**Eric V. Bartoli**
*TERMINATED: 12/20/2016*

represented by **Eric V. Bartoli**
#61329-060
NEOCC
2240 Hubbard Road
Youngstown, OH 44505
Email:
PRO SE

**Barry M. Ward**
Law Office of Barry M. Ward
1000 National City Center
One Cascade Plaza
Akron, OH 44308
330-535-1555
Fax: 330-535-9113
Email: bward@teowardlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Active*

**John D. Sammon**
Ste. 178
19885 Detroit Road
Cleveland, OH 44116
440-503-5225
Email: jack.sammon66@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Active*

**Pending Counts**

**Disposition**

Appendix I-1

Bar Status: Govt

**Thomas J. Gruscinski_AUSA**
Former Assistant U.S. Attorney
Northern District of Ohio
Email: ann.rowland@usdoj.gov
*TERMINATED: 04/08/2004*
*Bar Status: Retired*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2003 | 1 | Complaint as to Eric V. Bartoli (1) signed by Magistate Judge James S. Gallas on 10/9/2003. (Attachments: # 1 Affidavit) (P, J)[5:03-mj-05095-JSG] (Entered: 10/10/2003) |
| 10/15/2003 | 2 | Indictment filed against Eric V. Bartoli (1) counts I-10. (Attachments: # 1 Designation Form) (C, K A) (Entered: 10/16/2003) |
| 10/15/2003 | 3 | Random Assignment of Magistrate Judge Limbert. (C, K A) (Entered: 10/16/2003) |
| 04/08/2004 | 6 | Notice of Appearance and Substitution of Counsel; Attorney John M. Siegel appearing for USA in place of Attorney Thomas J. Gruscinski. (Siegel, John) Modified text on 4/9/2004 (L, T). (Entered: 04/08/2004) |
| 05/13/2014 | 7 | Notice of Appearance of Attorney Christos N. Georgalis appearing for USA. (Georgalis, Christos) (Entered: 05/13/2014) |
| 10/26/2015 | 8 | Notice of Substitution of Attorney. John M. Siegel_AUSA removed from case, Antoinette T. Bacon appearing for USA.(Bacon, Antoinette) (Entered: 10/26/2015) |
| 10/26/2015 | 9 | Notice of Appearance of Attorney Miranda E. Dugi appearing for USA. *as Co-counsel* (Dugi, Miranda) (Entered: 10/26/2015) |
| 10/26/2015 | 10 | **IMPORTANT:** Notice as to Eric V. Bartoli (1). An Arraignment has been scheduled for 10/29/2015 at 1:30 PM in Courtroom 575 before Judge John R. Adams.(M,TL) (Entered: 10/26/2015) |
| 10/29/2015 |  | CJA 20 Appointment of Attorney Barry M. Ward for Eric V. Bartoli. Judge John R. Adams on 10/29/15. (K,C) (Entered: 10/29/2015) |
| 10/29/2015 |  | Arrest of Eric V. Bartoli (1) on 10/29/15. Defendant brought to the United States by FBI from Peru. Defendant released to custody of the U.S. Marshal. (K,C) (Entered: 10/29/2015) |
| 10/29/2015 |  | **Minutes of proceedings** [non-document] before Judge John R. Adams.Arraignment as to Eric V. Bartoli (1) held on 10/29/2015. AUSA Cristos Georgalis, AUSA Antoinette Bacon, Defense Counsel Barry Ward, and Pretrial Officer Don Stranathan present. Financial affidavit executed and counsel appointed. Not guilty plea as to Counts 1,2,3,4,5,6,7,and 8-10. Waiver of detention hearing executed. A Jury Trial is set for 1/4/2016 at 09:00 AM in Courtroom 575 before Judge John R. Adams. Pretrial Conference set for 12/22/2015 at 11:00 AM in Courtroom 575 before Judge John R. Adams. Defendant remanded into custody. |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| | § |
| v. | § Case Number: **5:03-CR-00387-JRA(1)** |
| | § USM Number: **61329-060** |
| **ERIC V. BARTOLI** | § **Barry M. Ward** |
| | § Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1, 2, 3, 4, 5, 8-10.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:371 Conspiracy | 08/27/1999 | 1 |
| 15:78J(B) and 78Ff(A) Securities Fraud | 08/27/1999 | 2 |
| 15:77E(A) and 77X Sale Of Unregistered Securities | 08/27/1999 | 3 |
| 18:1343 and 2 Wire Fraud | 08/27/1999 | 4 |
| 18:1341 and 2 Mail Fraud | 08/27/1999 | 5 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 6 and 7 ☐ is ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 9, 2016**
Date of Imposition of Judgment

**s/John R. Adams**
Signature of Judge

**John R. Adams, U.S. District Judge**
Name and Title of Judge

**December 20, 2016**
Date

AO 245B (Rev. 11/16) Judgment in a Criminal Case                                                    Judgment -- Page 2 of 8

DEFENDANT:          ERIC V. BARTOLI
CASE NUMBER:        5:03-CR-00387-JRA(1)

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 26:7201 Attempted Income Tax Evasion | 08/27/1999 | 8 |
| 26:7201 Attempted Income Tax Evasion | 08/27/1999 | 9 |
| 26:7201 Attempted Income Tax Evasion | 08/27/1999 | 10 |

AO 245B (Rev. 11/16) Judgment in a Criminal Case                                   Judgment -- Page 3 of 8

DEFENDANT:        ERIC V. BARTOLI
CASE NUMBER:      5:03-CR-00387-JRA(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 months as to counts 1, 3, and 8-10; 240 months as to counts 2, 4, and 5 all to run concurrent with credit for time served.

☐    The court makes the following recommendations to the Bureau of Prisons:



☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:

☐    at                          ☐  a.m.    ☐  p.m.    on

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on
☐    as notified by the United States Marshal.
☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to


at _____, with a certified copy of this judgment.



UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

Consolidado de Datos

# RENIEC CONSULTAS EN LINEA

## Datos del Ciudadano

La Información mostrada no es una consulta al Padrón Electoral

Aumentar | Normal

Aumentar | Normal

| | |
|---|---|
| Código Único de Identificación: | 43415446 - 0 (0 Carac. Verif. Ant.) |
| Primer Apellido: | BARTOLI |
| Segundo Apellido: | ORLANDINI |
| Prenombres: | ERIC |
| Sexo: | Masculino |
| Fecha de Nacimiento: | 18-10-1954 |
| Departamento de Nacimiento: | MICHIGAN |
| Provincia de Nacimiento: | |
| Distrito de Nacimiento: | |
| Grado de Instrucción: | SECUNDARIA COMPLETA |
| Estado Civil: | CASADO |
| Estatura: | 1.86 m |
| Fecha de Inscripción: | 16-02-2004 |
| Nombre del Padre: | EDWARD |
| Nombre de la Madre: | CATHERINE |
| Fecha de Emisión: | 19-02-2004 |
| Restricción: | NINGUNA |
| Domicilio: | AV. VIA LACTEA 311 URB. LOS GRANADOS |
| Departamento de Domicilio: | LIMA |
| Provincia de Domicilio: | LIMA |
| Distrito de Domicilio: | SANTIAGO DE SURCO |
| Multas Electorales: | ----- |

Consulta sólo para uso interno de :
OF. REGIONAL DE SEGURIDAD DE LA EMBAJADA DE LOS EEUU DE AMERICA
Usuario: EUSA07 - 17/11/2009 16:50:47

4 - US Embassy

**Hoja Informativa emitida a través de Consultas en Línea Internet NO tiene validez para ningún trámite administrativo, judicial u otros.**

🖨 Imprimir     Regresar   Menu   Salir

copyright © 2003 RENIEC Todos los derechos reservados

https://cel.reniec.gob.pe/cel/servlet/cel.servlet.SrConsolidado     11/17/2009

Appendix K

file:///N|/Bartoli/Extradition/JMS Affidavit/~MAP0000.gif[1/6/2014 11:40:00 AM]

*10/18/16*
*Inte*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:03-CR-387 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC V. BARTOLI, | ) | <u>PLEA AGREEMENT</u> |
| | ) | |
| Defendant. | ) | |

Pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, and in consideration of the mutual promises set forth below, the United States Attorney's Office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorneys, and the defendant, ERIC V. BARTOLI (hereinafter "Defendant"), agree as follows:

## <u>MAXIMUM PENALTIES AND OTHER</u><br><u>CONSEQUENCES OF PLEADING GUILTY</u>

1.      **Waiver of Constitutional Trial Rights.**  Defendant understands that Defendant has the right to plead not guilty and go to trial.  At trial, Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the

*Defendant's Initials* _____

right to be protected from compelled self-incrimination.  Defendant understands that Defendant

has the right to an attorney at every stage of the proceedings and, if necessary, one will be

appointed to represent Defendant.  Defendant understands that by pleading guilty, Defendant

specifically and voluntarily waives each of these trial rights, except the right to counsel.

Defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts

the guilty plea, the Court will find Defendant guilty without a trial.

2.    **Statutory Penalties.**  Defendant understands that the statutory maximum

penalties, and minimum penalties if applicable, for the counts to which Defendant agrees to

plead guilty are as follows:

| Counts | Statute and Description of Offense | Statutory Sentence Per Count |
|---|---|---|
| 1 | Title 18 U.S.C. § 371: Conspiracy to Commit an Offense | Maximum imprisonment: 5 years<br>Maximum Statutory fine: $250,000<br>Maximum Alternative fine: twice the gross pecuniary gain or the gross pecuniary loss.<br>Maximum period of supervised release: 3 years<br>Special assessment: $100 |
| 2 | Title 15 U.S.C. §§ 78j(b), 78ff(a); 17 C.F.R. § 240.10b-5: Securities Fraud | Maximum imprisonment: 20 years<br>Maximum Statutory fine: $5,000,000<br>Maximum period of supervised release: 3 years<br>Special assessment: $100 |
| 3 | Title 15 U.S.C. §§ 77e(a), 77x: Sale of Unregistered Securities | Maximum imprisonment: 5 years<br>Maximum Statutory fine: $10,000<br>Maximum period of supervised release: 3 years<br>Special assessment: $100 |
| 4 | Title 18 U.S.C. § 1343: Wire Fraud | Maximum imprisonment: 20 years Suprs<br>Maximum Statutory fine: $250,000<br>Maximum Alternative fine: twice the gross pecuniary gain or the gross pecuniary loss.<br>Maximum period of supervised release: 3 years<br>Special assessment: $100 |

*Defendant's Initials* _____

| 5 | Title 18 U.S.C. § 1341: Mail Fraud | Maximum imprisonment: 20 years  5yr<br>Maximum Statutory fine: $250,000<br>Maximum Alternative fine: twice the<br>gross pecuniary gain or the gross<br>pecuniary loss.<br>Maximum period of supervised release:<br>3 years<br>Special assessment: $100 |
|---|---|---|
| 8-10 | Title 26 U.S.C. § 7201: Attempted<br>Income Tax Evasion | Maximum imprisonment: 5 years<br>Maximum Statutory fine: $100,000<br>Maximum period of supervised release:<br>3 years<br>Special assessment: $100 |

3.    **Special Assessment.**  As set forth above, Defendant will be required to pay a mandatory special assessment of $100 for each count of conviction, for a total of $800, due immediately upon sentencing.

4.    **Costs.**  The Court may order Defendant to pay the costs of prosecution and sentence, including but not limited to imprisonment, community confinement, home detention, probation, and supervised release.

5.    **Restitution.**  The Court may order Defendant to pay restitution as a condition of the sentence, probation, and/or supervised release.

6.    **Violation of Probation/Supervised Release.**  If Defendant violates any term or condition of probation or supervised release, such violation could result in a period of incarceration or other additional penalty as imposed by the Court.  In some circumstances, the combined term of imprisonment under the initial sentence and additional period of incarceration could exceed the maximum statutory term.

7.    **Immigration Consequences.**  Defendant understands that a convicted person who is not a United States citizen may be removed from the United States, denied citizenship and denied admission to the United States in the future.  Defendant recognizes that pleading

*Defendant's Initials ____*

which is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C.

§ 3553(a), and that the Court must consider among other factors the advisory United States

Sentencing Guidelines in effect at the time of sentencing and that in determining the sentence,

the Court may depart or vary from the advisory guideline range.

12. **Presentence Report.** Defendant understands that the advisory guideline range

will be determined by the Court at the time of sentencing, after a presentence report has been

prepared by the U.S. Probation Office and reviewed by the parties. Defendant further

understands that the USAO may provide to the U.S. Probation Office all known information

regarding Defendant's conduct subject to its limited use under U.S.S.G. § 1B1.8 and except as

protected under the proffer agreement if any.

13. **Joint Recommendation to Use the Advisory Sentencing Guidelines
Computation.** After considering the factors in 18 U.S.C. § 3553(a), the parties agree to

recommend that the Court impose a sentence within the range and of the kind specified pursuant

to the advisory Sentencing Guidelines in accordance with the computations and stipulations set

forth below. Other than requesting the one-level variance as provided in paragraph 16, neither

party will recommend or suggest in any way that a departure or variance is appropriate, either

regarding the sentencing range or regarding the kind of sentence.

14. **Sentencing Recommendations Not Binding on the Court.** Defendant

understands that the recommendations of the parties will not be binding upon the Court, that the

Court alone will decide the advisory guideline range under the Sentencing Guidelines, whether

there is any basis to depart from that range or impose a sentence outside the advisory guideline

range, and what sentence to impose. Defendant further understands that once the Court has

accepted Defendant's guilty plea, Defendant will not have the right to withdraw such a plea if the

*Defendant's Initials* _____

§ 78ff. Penalties

(a) **Willful violations; false and misleading statements.**   Any person who willfully violates any provision of this title [15 USCS §§ 78a et seq.] (other than section 30A [15 USCS § 78dd-1]), or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this title [15 USCS §§ 78a et seq.], or any person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title [15 USCS §§ 78a et seq.] or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 15 of this title [15 USCS § 78o(d)], or by any self-regulatory organization in connection with an application for membership or participation therein or to become associated with a member thereof, which statement was false or misleading with respect to any material fact, shall upon conviction be fined not more than $5,000,000, or imprisoned not more than 20 years, or both, except that when such person is a person other than a natural person, a fine not exceeding $25,000,000 may be imposed; but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation.

(b) **Failure to file information, documents, or reports.**   Any issuer which fails to file information, documents, or reports required to be filed under subsection (d) of section 15 of this title [15 USCS § 78o(d)] or any rule or regulation thereunder shall forfeit to the United States the sum of $100 for each and every day such failure to file shall continue. Such forfeiture, which shall be in lieu of any criminal penalty for such failure to file which might be deemed to arise under subsection (a) of this section, shall be payable to the Treasury of the United States and shall be recoverable in a civil suit in the name of the United States.

(c) **Violations by issuers, officers, directors, stockholders, employees, or agents of issuers.**
(1) (A) Any issuer that violates subsection (a) or (g) of section 30A [15 USCS § 78dd-1] shall be fined not more than $2,000,000.
(B) Any issuer that violates subsection (a) or (g) of section 30A [15 USCS § 78dd-1] shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Commission.
(2) (A) Any officer, director, employee, or agent of an issuer, or stockholder acting on behalf of such issuer, who willfully violates subsection (a) or (g) of section 30A of this title [15 USCS § 78dd-1] shall be fined not more than $100,000, or imprisoned not more than 5 years, or both.
(B) Any officer, director, employee, or agent of an issuer, or stockholder acting on behalf of such issuer, who violates subsection (a) or (g) of section 30A of this title [15 USCS § 78dd-1] shall be subject to a civil penalty of not more than $10,000 imposed in an action

USCS                                                            1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

brought by the Commission.

(3) Whenever a fine is imposed under paragraph (2) upon any officer, director, employee, agent, or stockholder of an issuer, such fine may not be paid, directly or indirectly, by such issuer.

(June 6, 1934, ch 404, Title I, § 32, 48 Stat. 904; May 27, 1936, ch 462, § 9, 49 Stat. 1380; June 25, 1938, ch 677, § 4, 52 Stat. 1076; Aug. 20, 1964, P. L. 88-467, § 11, 78 Stat. 580; June 4, 1975, P. L. 94-29, § 23, 27(b), 89 Stat. 162, 163; Dec. 19, 1977, P. L. 95-213, Title I, § 103(b), 91 Stat. 1496; Aug. 10, 1984, P. L. 98-376, § 3, 98 Stat. 1265; Aug. 23, 1988, P. L. 100-418, Title V, Subtitle A, Part I, § 5003(b), 102 Stat. 1419; Nov. 19, 1988, P. L. 100-704, § 4, 102 Stat. 4680; Nov. 10, 1998, P. L. 105-366, § 2(d), 112 Stat. 3303; July 30, 2002, P. L. 107-204, Title XI, § 1106, 116 Stat. 810 .)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Effective date of section:**

This section became effective July 1, 1934, as provided by § 34 of Act June 6, 1934, ch 404, which appears as 15 USCS § 78hh.

**Amendments:**

**1936.** Act May 27, 1936 (effective 5/27/36, as provided by § 12 of such Act, which appears as 15 USCS § 78hh-1), designated existing matter as subsec. (a), and in subsec. (a), as redesignated, inserted "or any undertaking contained in a registration statement as provided in subsection (d) of section 15 of this title,"; and added subsec. (b).

**1938.** Act June 25, 1938, added subsec. (c).

**1964.** Act Aug. 20, 1964 (effective 8/20/64, as provided by § 13(3) of such Act, which appears as 15 USCS § 78c note), in subsec. (b), substituted "required to be filed under" for "pursuant to an undertaking contained in a registration statement as provided in", and inserted "or any rule or regulation thereunder".

**1975.** Act June 4, 1975 (effective 6/4/75, as provided by § 31(a) of such Act, which appears as 15 USCS § 78b note), in subsec. (a), inserted "or by any self-regulatory organization in connection with an application for membership or participation therein or to become associated with a member thereof,", and substituted "five" for "two"; and deleted subsec. (c) which read: "The provisions of this section shall not apply in the case of any violation of any rule or regulation prescribed pursuant to paragraph (3) of subsection (c) of section 15 of this title, except a violation which consists of making, or causing to be made, any statement in any report or document required to be filed under any such rule or regulation, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact.".

**1977.** Act Dec. 19, 1977, in subsec. (a), inserted "(other than section 30A)"; and added subsec. (c).

**1984.** Act Aug. 10, 1984 (effective 8/10/84, as provided by § 7 of such Act), in subsec. (a), substituted "$100,000" for "$10,000".

**1988.** Act Aug. 23, 1988 (applicable as provided by § 9 of such Act, which appears as 15 USCS § 78o note), substituted subsec. (c) for one which read:

"(c)(1) Any issuer which violates section 30A(a) of this title shall, upon conviction, be fined not more than $1,000,000.

USCS                                                2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

"(2) Any officer or director of an issuer, or any stockholder acting on behalf of such issuer, who willfully violates section 30A(a) of this title shall, upon conviction, be fined not more than $10,000, or imprisoned not more than five years, or both.

"(3) Whenever an issuer is found to have violated section 30A(a) of this title, any employee or agent of such issuer who is a United States citizen, national, or resident or is otherwise subject to the jurisdiction of the United States (other than an officer, director, or stockholder of such issuer), and who willfully carried out the act or practice constituting such violation shall, upon conviction, be fined not more than $10,000, or imprisoned not more than five years, or both.

"(4) Whenever a fine is imposed under paragraph (2) or (3) of this subsection upon any officer, director, stockholder, employee, or agent of an issuer, such fine shall not be paid, directly or indirectly, by such issuer.".

Act Nov. 19, 1988 (applicable as provided by § 9 of such Act, which appears as 15 USCS § 78o note), in subsec. (a), substituted "$1,000,000" for "$100,000", "10 years" for "five years", "is a person other than a natural person" for "is an exchange" and "$2,500,000" for "$500,000".

**1998.** Act Nov. 10, 1998, in subsec. (c), in para. (1), in subparas. (A) and (B), substituted "subsection (a) or (g) of section 30A" for "section 30A(a)", and substituted para. (2) for one which read:

"(2)(A) Any officer or director of an issuer, or stockholder acting on behalf of such issuer, who willfully violates section 30A(a) shall be fined not more than $100,000, or imprisoned not more than 5 years, or both.

"(B) Any employee or agent of an issuer who is a United States citizen, national, or resident or is otherwise subject to the jurisdiction of the United States (other than an officer, director, or stockholder acting on behalf of such issuer), and who willfully violates section 30A(a), shall be fined not more than $100,000, or imprisoned not more than 5 years, or both.

"(C) Any officer, director, employee, or agent of an issuer, or stockholder acting on behalf of such issuer, who violates section 30A(a) shall be subject to a civil penalty of not more than $10,000 imposed in an action brought by the Commission.".

**2002.** Act July 30, 2002, in subsec. (a), substituted "$5,000,000, or imprisoned not more than 20 years" for "$1,000,000, or imprisoned not more than 10 years", and substituted "$25,000,000" for "$2,500,000".

USCS                                            **3**

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

§ 78j.   Manipulative and deceptive devices

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange--

(a)

(1) To effect a short sale, or to use or employ any stop-loss order in connection with the purchase or sale, of any security other than a government security, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

(2) Paragraph (1) of this subsection shall not apply to security futures products.

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement[,] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

USCS                                                      1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10701055

**Accounting and Financial Planners**
A Division of the Binge Business Organization

4150 Belden Village Ave. N.W.
Suite #109
Canton, Ohio  44718-2538

Telephone (330) 492-1099
Toll Free 1-800-660-5067
FAX (330) 492-1097

Board of Directors
Cyprus Fund, Inc.
Marshallville, Ohio  44645

We have completed the audit of the accompanying Balance Sheet, Statement of
Operations and Statement of Retained Earnings for Cyprus Fund, Inc. for the six months
ended June 30, 1998 and find the results to present fairly the financial position of Cyprus
Fund, Inc. for the period then ended.

Management has elected to omit the financial information and operating results of the
Chilean, Peruvian and Ecuadorian Investment Houses except when that information
pertains to the operating results of Cyprus Fund, Inc.

The management of Cyprus Fund, Inc. wishes to express that the "Fund" is not
financially related to B&S Farms and has no direct involvement with the proposed IPO of
B&S Farms scheduled for early 1999.

Accounting and Financial Planners
T.A. Bentivegna

Appendix N-1

CYPRUS FUNDS, INC.
Marshallville, Ohio

FINANCIAL STATEMENT
Six Month Ended June 30, 1998

ACCOUNTING AND FINANCIAL PLANNERS
4150 Belden Village Ave.
Suite 109
Canton, Ohio

BALANCE SHEET
CYPRUS FUNDS, INC.
June 30, 1998

## ASSETS

CURRENT ASSETS

| | |
|---|---:|
| Cash - U.S.A. Depository | $ 5,177,280. |
| Cash - Foreign Depository | 1,702,313. |
| Marketable Securities | 26,000,616. |
| Short Term Bonds | 7,005,556. |
| Accounts Receivable | 312,455. |

TOTAL CURRENT ASSETS                    $ 40,198,220.

FIXED ASSETS - AT COST

| | | |
|---|---:|---:|
| Equipment | $ 101,726. | |
| Accumulated depreciation | 21,832. | 79,894. |

OTHER ASSETS

| | | |
|---|---:|---:|
| Long Term Bonds | $ 48,122,989. | |
| Secured Loans Receivable | 6,144,765. | |
| Prepaid Expenses | 111,866. | |
| | | 54,379,620. |

TOTAL ASSETS                    $ 94,657,734.

Appendix N-3

## LIABILITIES AND EQUITY

### CURRENT LIABILITIES

| | |
|---|---|
| Customer deposit accounts | $ 92,111,177. |
| Accured federal (U.S.A.) income tax | 9,987. |

TOTAL CURRENT LIABILITIES  $ 92,121,164.

### CAPITAL

| | | |
|---|---|---|
| Common stock - 100 shares issued and outstanding at par value of $5,000. per share. | $  500,000. | |
| Retained earnings | 2,036,570. | 2,536,570. |

TOTAL LIABILITIES AND EQUITY  $ 94,657,734.

Appendix N-4

STATEMENT OF OPERATIONS
CYPRUS FUNDS, INC.
For The Six Months Ended June 30, 1998

INCOME

|  |  |  |
|---|---|---|
| Realized gains | | $ 1,425,549. |
| Unrealized gains | | 226,865. |
| Earned interest | | 24,288. |
| Dividends received | | 41,535. |
| Other income | | 11,012. |
| | | |
| TOTAL INCOME | | $ 1,729,249. |

OPERATING EXPENSES

|  |  |  |
|---|---|---|
| Depreciation expense | $   7,266. | |
| Directors fees | 120,000. | |
| Fund Advisory fees | 180,000. | |
| Legal fees | 16,566. | |
| Accounting fees | 88,766. | |
| Selling, general and administrative expenses | 48,996. | 461,594. |
| | | |
| NET INCOME BEFORE TAXES | | $ 1,267,655. |
| | | |
| Federal (U.S.A.) income taxes | | 18,987. |
| | | |
| NET INCOME | | $ 1,248,668. |

## STATEMENT OF RETAINED EARNINGS
## CYPRUS FUNDS, INC.
For The Six Months Ended June 30, 1998

BALANCE DECEMBER 31, 1998                    $   787,902.

ADD:  Net income for the period                     1,248,668.

                    BALANCE JUNE 30, 1998        $ 2,036,570.

Case: 5:03-cr-00387-JRA  Doc #: 2  Filed: 10/15/03  1 of 54.  PageID #: 5

2003 OCT 15  PH 2: 38

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

ERIC V. BARTOLI,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**JUDGE ADAMS**

JUDGE

<u>I N D I C T M E N T</u>

Violations:  Title 15, United States Code, Sections 77e(a), 77x, 78j(b), 78ff(a); Title 18, United States Code, Sections 2, 371, 1341, 1343, 1956(a)(1)(B)(i), 1957; Title 26, United States Code, Section 7201; Title 17, Code of Federal Regulations, Section 240.10b-5.

The Grand Jury charges:

<u>COUNT 1</u>

(Conspiracy)

From in or about 1995, and continuing through on or about August 27, 1999, in the Northern District of Ohio and elsewhere, the defendant, ERIC V. BARTOLI, together with other persons known



FEDERAL BUREAU OF INVESTIGATION
Criminal Justice Information Services Division
CLARKSBURG, W.V. 26306

Please note the stamp on the back of the enclosed
fingerprint card indicating the results of the search of the FBI
Criminal Justice Information Services Division's files.

Enclosure(s)

Identification and Investigative
Services Section

Appendix Q-1



Appendix Q-2



NO ARREST RECORD

OCT 2 9 2002

CJIS DIVISION FBI

OCT 2 4 2002

Appendix Q-3